UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------X

| | |
|---|---|
| MICHAEL MARTELLO, on behalf of himself and others similarly situated, | Civil Action No.: |
| Plaintiff, | **CLASS AND COLLECTIVE ACTION COMPLAINT** |
| -against- | |
| SUNRISE INFINITI, LLC and JOHN LASALA, | **JURY TRIAL REQUESTED** |
| Defendants. | |

-------------------------------------------------------------------------X

Plaintiff, Michael Martello ("Plaintiff"), on behalf of himself and others similarly situated, by his attorneys, Law Offices of Yale Pollack, P.C., as and for his Complaint against Defendants, Sunrise Infiniti, LLC and John Lasala (collectively "Defendants"), alleges as follows:

**PRELIMINARY STATEMENT**

1. Plaintiff worked as a car sales representative for Defendants from June 2018 until August 2018. During his employment, Plaintiff was paid a weekly salary, which salary did not satisfy minimum or overtime wages for all hours Plaintiff worked. After Plaintiff complained about the payment structure to Defendants, he was terminated.

2. Plaintiff brings this action, on behalf of himself and other current and former employees similarly situated, to remedy violations of the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et seq.* (the "FLSA"). Plaintiff seeks, for himself and other similarly situated employees, unpaid wages, unpaid overtime, liquidated damages, reasonable attorneys' fees and costs, and all other appropriate legal and equitable relief, pursuant to 29 U.S.C. §§216(b) and 217, and other applicable federal law.

3. Plaintiff also brings this action, on behalf of himself and other similarly situated employees, to remedy violations of New York State Labor Law, including New York Labor Law

§§190 *et seq.*, §§650 et seq. (the "NYLL"), and 12 N.Y.C.R.R. §142-2.2. Plaintiff seeks, for himself and all other similarly situated employees, unpaid wages, unpaid overtime, spread-of-hours, pre- and post- judgment interest, reasonable attorneys' fees and costs, liquidated damages and other damages, and all other appropriate legal and equitable relief, pursuant to NYLL §§198, 663.

4. Plaintiff also brings this action, individually, for retaliation based on his termination under the NYLL for which he seeks compensatory damages, interest, reasonable attorneys' fees and costs, liquidated damages and other damages, and all other appropriate legal and equitable relief

**JURISDICTION AND VENUE**

5. Jurisdiction of this Court over Plaintiff's FLSA claims is invoked pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §1331.

6. Jurisdiction of this Court over Plaintiff's NYLL claims is invoked pursuant to 28 U.S.C. §1367(a) as the NYLL claims are so related to Plaintiff's FLSA claims as to form the same case or controversy under Article III of the United States Constitution.

7. Venue is appropriate in this Court under 28 U.S.C. §1391(b) as the acts or events giving rise to the claims occurred within Eastern District and the residence of Defendants is within the Eastern District.

**PARTIES**

8. Plaintiff is an individual who resides in the County of Nassau, State of New York.

9. At all times herein mentioned, Plaintiff was employed by Defendants, where he worked as sales representative technician for Defendants from June 2018 until August 2018.

10. As a sales representative, Plaintiff's principal activity involved the sale of new

and used cars to customers.

11. Upon information and belief, Defendant Sunrise Infiniti LLC ("Sunrise") is a domestic corporation authorized to do business in the State of New York, with its principal place of business located at 875 Sunrise Highway, Lynbrook, New York 11563.

12. At all relevant time mentioned herein, Defendant John Lasala ("Lasala") had the power to hire, fire, and control the wages and working conditions of Plaintiff, the FLSA Collective Plaintiffs (as defined herein) and the Class Members (as defined herein).

13. Lasala had authority to, and did in fact, exercise operational control within Sunrise.

14. Lasala set the manner by which Plaintiff, the FLSA Collective Plaintiffs and the Class Members were to be paid while employed by Collision

15. At all times relevant, Defendants were covered by the FLSA and the NYLL.

16. Defendants maintained a common policy and practice of, *inter alia*, not paying employees for all hours worked during their employment or otherwise notifying them of their rights under the law.

17. At all relevant times, Defendants affected commerce within the meaning of 29 U.S.C. §203(b) by producing goods for interstate commerce, or handling, selling, or working on goods or materials that have been moved in or produced for interstate commerce.

18. Upon information and belief, the gross annual volume of sales made or business done by Defendants was not less than $500,000.

19. At all relevant times, Defendants were Plaintiff's employers, as well as the employers of FLSA Collective Plaintiffs and the Class Members, within the meaning of the FLSA and the NYLL.

## FACTUAL ALLEGATIONS

20.     Plaintiff worked for Defendants from June 2018 until August 2018.

**A.     Class Allegations**

21.     During his employment, Plaintiff was paid a weekly salary plus commissions based on cars he sold for Defendants.

22.     For about the first eight weeks of his employment, Plaintiff's weekly salary was $400.00 per week.

23.     After his first eight weeks, Plaintiff's weekly salary was reduced to $150.00 per week.

24.     During Plaintiff's employment, he did not receive commissions from Defendants in certain weeks, meaning his compensation was limited to the weekly salary.

25.     During his employment, Plaintiff worked the same schedule, being Mondays from 12:00 p.m. until 9:00 p.m.; Tuesdays from 9:00 a.m. until 5:00 p.m.; Wednesdays from 9:00 a.m. until 9:00 p.m.; Thursdays from 9:00 a.m. until 6:00 p.m.; Saturdays from 9:00 a.m. until 6:00 p.m.; and every other Sunday from 11:00 a.m. until 5:00 p.m.

26.     On the weeks Plaintiff worked Sundays, he worked fifty-three (53) hours per week for Defendants.

27.     At the times he was earning $400.00 per week as his salary, on the weeks he worked Sundays, Plaintiff received an effective hourly rate of $7.55 per hour, which was below the $11.00 minimum wage in effect at the time of his employment.

28.     At the times he was earning $150.00 per week as his salary, on the weeks he worked Sundays, Plaintiff received an effective hourly rate of $2.83 per hour, which was below the $11.00 minimum wage in effect at the time of his employment.

29. On the weeks Plaintiff did not work Sundays, he worked about forty-seven (47) hours per week for Defendants.

30. At the times he was earning $400.00 per week as his salary, on the weeks he did not work Sundays, Plaintiff received an effective hourly rate of $8.51 per hour, which was below the $11.00 minimum wage in effect at the time of his employment.

31. At the times he was earning $150.00 per week as his salary, on the weeks he did not work Sundays, Plaintiff received an effective hourly rate of $3.19 per hour, which was below the $11.00 minimum wage in effect at the time of his employment.

32. For the period of August 8, 2018 through August 14, 2018, Plaintiff received a check representing his salary for $150.00.

33. During that week, Plaintiff worked Monday, Tuesday, Wednesday, Thursday, Saturday and Sunday, meaning that he worked fifty-three (53) hours that week.

34. Based on the salary paid, Plaintiff's wages fell well short of the required minimum wage for that week as his effective rate was $2.83 per hour and he did not receive premium pay for the thirteen (13) overtime hours he worked that week.

35. Defendants failed to provide notice to Plaintiff or other employees regarding their rights under the FLSA or the NYLL.

36. On the grounds of equitable tolling, the statute of limitations for all claims asserted by Plaintiff and the putative class members should be tolled due to the failure to provide appropriate and required notice of the law.

**B.** **Individual Allegations**

37. In July 2018, Plaintiff complained to Defendants about being improperly paid through Defendants' compensation structure, which he advised unlawfully denied him his wages.

38. Thereafter, Plaintiff was called into to Lasala's office where he was reprimanded for raising the misclassification issue in front of other employees at Sunrise, rather than waiting to raise the issue privately to management.

39. Lasala assured Plaintiff that everything was going to get taken care of and that he would be paid his past due wages.

40. In August 2018, Plaintiff's pay was reduced, without notice, to $150 per week.

41. On August 19, 2018, Plaintiff texted the Payment of Commissions Frequently Asked Questions (FAQ) sheet issued by the New York State Department of Labor to Ed Donahue, a General Sales Manager at Sunrise.

42. Plaintiff stated that he thought Mr. Donahue should forward the document to payroll.

43. As well, Plaintiff forwarded a picture of his pay check showing below minimum wage payment to Mr. Donahue.

44. Mr. Donahue responded that Sunrise was aware of the issue and that if Plaintiff's wages did not meet minimum wage at the end of the month, he would be paid out the difference.

45. When Plaintiff stated that the payment has to be weekly, Mr. Donahue responded that he would discuss it with Plaintiff at a later time.

46. When Plaintiff arrived to work on August 20, 2018, he was immediately summoned to Lasala's office.

47. After sitting down, Lasala pointed to a camera in the office to indicate that the meeting was being recorded.

48. Lasala then asked Plaintiff whether there was a problem with the way Sunrise paid him.

49. Lasala proceeded to advise Plaintiff that Defendants were investigating the issue he raised and that everything would be corrected.

50. Lasala said that they have a check ready for Plaintiff and that it would be provided once the new pay structure was implemented.

51. When Plaintiff complained, stating that he was entitled the money immediately, Lasala started screaming at Plaintiff, causing another manager to come to the office to see if everything was alright.

52. Ultimately, during his tirade, Lasala fired Plaintiff and told him to leave immediately.

53. Plaintiff was then physically escorted off the premises.

## COLLECTIVE ACTION ALLEGATIONS

54. Plaintiff brings Counts One and Two as a collective action pursuant to Section 216(b) of the FLSA, on behalf of himself and others similarly situated, which shall include:

> All persons who work or worked for Defendants as sales representatives from three (3) years prior to the filing of the original Complaint in this action through the date of final judgment in this matter who elect to opt-into this action (the "FLSA Collective Plaintiffs").

55. At all relevant times, Plaintiff and the FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements, job duties and pay provisions, and are and have been subject to Defendants' decision, policy, plan, practice, procedure, routine, and rules to willfully fail and refuse to pay them the legally required minimum wage and overtime wage for all hours worked.

56. Other similarly situated employees to Plaintiff who were or are employed by Defendants should have the opportunity to have their claims for violations of the FLSA heard.

Certifying this action as a collective action under the FLSA will provide other auto body technicians who worked for Defendants to receive notice of the action and allow them to opt-in to such an action if they so choose.

57. Count One is properly brought under and maintained as an opt-in collective action pursuant to Section 216(b) of the FLSA. The FLSA Collective Plaintiffs are readily ascertainable from records that Defendants are required by law to maintain. For purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under Section 216(b) of the FLSA.

## RULE 23 CLASS ALLEGATIONS

58. Plaintiff brings Counts Three, Four, Five, Six and Seven as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of a class (the "Class Members") consisting of:

> All persons who work or worked for Defendants as sales representatives from six (6) years prior to the filing of the original Complaint in this action through the date of final judgment in this matter (the "Class Period").

59. The Class Members identified above are so numerous that joinder of all members is impracticable. Although the precise number of such employees is unknown, and facts on which the calculation of that number are presently within the sole control of Defendants, upon information and belief, there are believed to be at least forty (40) Class Members during the Class Period. There are questions of law and fact common to the Class Members that predominate over any questions affecting only individual members. The claims of Plaintiff are typical of the claims of the Class Members.

60. Plaintiff will fairly and adequately protect the interests of the Class Members. A class action is superior to other available methods for the fair and efficient adjudication of the

8

controversy, particularly in the context of wage and hour litigation where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against defendants.

61. There are questions of law and fact common to the Class Members which predominate over any questions solely affecting individual Class Members, including whether Defendants failed to pay Plaintiff and Class Members minimum and overtime wages for all hours worked.

## COUNT ONE
### (Failure to Pay Minimum Wages – FLSA, Brought by Plaintiff on Behalf of Himself and the FLSA Collective Plaintiffs)

62. Plaintiffs, on behalf of himself and the FLSA Collective Plaintiffs, reallege and incorporate by reference all allegations in all preceding paragraphs.

63. Defendants engaged in a widespread pattern, policy, and practice of violating the FLSA, as detailed in this Complaint.

64. Defendants were required to pay directly to Plaintiffs and the FLSA Collective Plaintiffs at least the applicable minimum wage rates for all hours worked.

65. Defendants failed to pay Plaintiff and the FLSA Collective Plaintiffs the minimum wages to which they are entitled under the FLSA.

66. Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional.

67. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful.

68. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and the FLSA Collective Plaintiffs.

69. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. §§ 201 *et seq.*

70. As a result of Defendants' willful violations of the FLSA, Plaintiff and the FLSA Collective Plaintiffs have suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §§ 201 *et seq.*

## COUNT TWO
**(Failure to Pay Overtime Wages – FLSA, Brought by Plaintiff on Behalf of Himself and the FLSA Collective Plaintiffs)**

71. Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs, reallege and incorporate by reference all allegations in all preceding paragraphs.

72. Defendants were required to pay directly to Plaintiffs and the FLSA Collective Plaintiffs the applicable overtime wage rates for all hours worked in excess of forty (40) hours per workweek.

73. Defendants failed to pay Plaintiffs and the FLSA Collective Plaintiffs the overtime wages to which they are entitled under the FLSA.

74. Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional.

75. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful.

76. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and the FLSA Collective Plaintiffs.

77. Because Defendants' violations of the FLSA have been willful, a three-year statute

of limitations applies, pursuant to 29 U.S.C. §§ 201 *et seq.*

78. As a result of Defendants' willful violations of the FLSA, Plaintiff and the FLSA Collective Plaintiffs have suffered damages by being denied overtime wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §§ 201 *et seq.*

## COUNT THREE
### (Failure to Pay Minimum Wages – NYLL, Brought by Plaintiff on Behalf of Himself and the Class Members)

79. Plaintiff, on behalf of himself and the Class Members, reallege and incorporate by reference all allegations in all preceding paragraphs.

80. Defendants have engaged in a widespread pattern, policy, and practice of violating the NYLL, as detailed in this Complaint.

81. At all times relevant, Plaintiff and Class Members have been employees of Defendants, and Defendants have been employers of Plaintiff and the Class Members within the meaning of the NYLL §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

82. At all times relevant, Plaintiff and the Class Members have been covered by the NYLL.

83. Defendants have failed to pay Plaintiff and the Class Members the minimum hourly wages to which they are entitled under the NYLL and the supporting New York State Department of Labor Regulations.

84. Pursuant to the NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations, Defendants have been required to pay Plaintiff and the

Class Members the full minimum wage at a rate of (a) $7.25 per hour for all hours worked from July 24, 2009 through the December 30, 2013; (b) $8.00 per hour for all hours worked from December 31, 2013 to December 30, 2014; (c) $8.75 per hour for all hours worked from December 31, 2014 to December 30, 2015; (d) $9.00 per hour for all hours worked from December 31, 2015 to December 30, 2016; (e) $10.00 per hour for all hours worked from December 31, 2016 to December 30, 2017; (f) $11.00 per hour for all hours worked from December 31, 2017 to December 30, 2018; and (g) $12.00 per hour from December 31, 2018 to the present, under the NYLL §§ 650 *et seq.* and the supporting New York State Department of Labor Regulations.

85. Through their knowing or intentional failure to pay minimum hourly wages to Plaintiff and the Class Members, Defendants willfully violated the NYLL, Article 19, §§650 *et seq.*, and the supporting New York State Department of Labor Regulations.

86. Due to Defendants' willful violations of the NYLL, Plaintiff and the Class Members are entitled to recover from Defendants their unpaid minimum wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

### COUNT FOUR
### (Failure to Pay Overtime Wages – NYLL, Brought by Plaintiff on Behalf of Himself and the Class Members)

87. Plaintiff, on behalf of himself and the Class Members, realleges and incorporates by reference all allegations in all preceding paragraphs.

88. Defendants failed to pay Plaintiff and the Class Members the proper overtime wages to which they are entitled under the NYLL and the supporting New York State Department of Labor Regulations.

89. Defendants failed to pay Plaintiff and the Class Members one-and-one- half times the full minimum wage for all work in excess of forty (40) hours per workweek.

90. Through their knowing or intentional failure to pay Plaintiff and the Class Members overtime wages for hours worked in excess of forty (40) hours per workweek, Defendants have willfully violated the NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations. *See also*, *Karic v. Major Auto. Companies Inc.*, 992 F. Supp. 2d 196 (E.D.N.Y. 2014) (commission sales representatives entitled to overtime pay pursuant to NYLL).

91. Due to Defendants' willful violations of the NYLL, Plaintiff and the Class Members are entitled to recover from Defendants their unpaid overtime wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

## COUNT FIVE
### (Failure to Pay Spread-of-Hours – NYLL, Brought by Plaintiff on Behalf of Himself and the Class Members)

92. Plaintiff, on behalf of himself and the Class Members, realleges and incorporates by reference all allegations in all preceding paragraphs.

93. At times, Plaintiff and the Class Members worked more than ten hours in a workday.

94. Defendants willfully failed to compensate Plaintiff and the Class Members one hour's pay at the basic New York minimum hourly wage rate on days in which the length of their workday was more than ten hours, as required by New York law.

95. Through their knowing or intentional failure to pay Plaintiff and the Class Members spread-of-hours pay, Defendants have willfully violated the NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

96. Due to Defendants' willful violations of the NYLL, Plaintiff and the Class Members are entitled to recover from Defendants unpaid spread-of-hour wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and post-judgment interest.

### COUNT SIX
### (Wage Notice Violations– NYLL, Brought by Plaintiff on Behalf of Himself and the Class Members)

97. Plaintiff realleges and incorporates by reference all previous paragraphs as if fully set forth herein.

98. Defendants failed to furnish Plaintiff and the Class Members with wage notices as required by NYLL §195(1), in English or in the language identified by each employee as their primary language, at the time of hiring and with any change in pay, a notice containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL §191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary

99. Due to Defendants' violations of NYLL §195(1), Plaintiff and the Class Members are entitled to statutory penalties of fifty dollars for each workday that Defendants failed to provide

Plaintiffs and the Class Members with proper wage notices, or a total of five thousand dollars each, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by NYLL §198(1-b).

100. Plaintiff realleges and incorporates by reference all previous paragraphs as if fully set forth herein.

## COUNT SEVEN
### (Wage Statement Violations– NYLL, Brought by Plaintiff on Behalf of Himself and the Class Members)

101. Plaintiff realleges and incorporates by reference all previous paragraphs as if fully set forth herein.

102. Defendants failed to furnish Plaintiff and the Class Members with a statement with every payment of wages as required by NYLL §195(3), listing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; and the number of regular and overtime hours worked.

103. Due to Defendants' violations of NYLL §195(3), Plaintiffs and the Class Members are entitled to statutory penalties of two hundred fifty dollars for each workday that Defendants failed to provide Plaintiffs and the Class Members with proper wage statements, or a total of five thousand dollars each, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by NYLL §198(1-d).

## COUNT EIGHT
**(Retaliation – NYLL)**

104. Plaintiff realleges and incorporates by reference all previous paragraphs as if fully set forth herein.

105. Pursuant to NYLL § 215(1)(a), "[n]o employer or his or her agent, or the officer or agent of any corporation, partnership, or limited liability company shall discharge, penalize, or in any other manner discriminate or retaliate against any employee because (i) because such employee has made a complaint to his or her employer…that the employer has violated any provision of this chapter…"

106. Defendants violated the NYLL by terminating Plaintiff's employment after he raised issues about Defendants' improper pay practices, as set forth herein.

107. As a direct and proximate consequence of Defendants' intentional, unlawful, and discriminatory employment policies and practices, Plaintiff has suffered and continues to suffer monetary damages, including, but not limited to, a loss of income, including past salary and future salary.

108. As a direct and proximate consequence of Defendants' intentional, unlawful, and continues to suffer, non-monetary damages including, but not limited to, humiliation and mental and physical pain and suffering.

109. By the foregoing reasons, Plaintiff seeks equitable relief as may be appropriate to serve the purposes of the anti-retaliation provision, including but not limited to an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff, and behalf of himself, the FLSA Collective Plaintiffs, and the Class Members, prays for relief as follows:

A. Designation of this action as a collective action on behalf of the FLSA Collective Plaintiffs and authorizing prompt issuance of notice pursuant to 29 U.S.C. §216(b) to all FLSA Collective Plaintiffs, apprising them of the pendency of this action, and permitting them promptly to file consents to be plaintiffs in the FLSA claims in this action;

B. Certifying this action as a class action under Rule 23 of the Federal Rules of Civil Procedure for applicable claims under the NYLL;

C. Awarding Plaintiff, similarly situated co-workers and putative class members damages for the amount of unpaid wages under the FLSA and/or the NYLL, including minimum wages, overtime wages and spread-of-hours;

D. Awarding Plaintiff, similarly situated co-workers and putative class members liquidated damages in an amount equal to wages owed pursuant to 29 U.S.C. §216(b) and liquidated damages and other statutory remedies pursuant to the NYLL;

E. Awarding Plaintiff compensatory damages, liquidated damages, interest, attorneys' fees and costs for his retaliation claim under the NYLL;

E. Awarding pre- and post-judgment interest as permitted under the law;

F. Awarding the costs of this action together with reasonable attorneys' fees; and

G. Granting such other and further relief as this Court deems necessary and proper.

## **JURY DEMAND**

Plaintiff, on behalf of himself, the FLSA Collective Plaintiffs, and the Class Members, demands a trial by jury on all causes of action and claims with respect to which they have a right to a jury trial.

Dated: February 15, 2019
Syosset, New York

>Respectfully submitted,
>**LAW OFFICES OF YALE POLLACK, P.C.**
>
>By: */s/ Yale Pollack*
>Yale Pollack, Esq.
>*Attorneys for Plaintiff, the FLSA Collective Plaintiffs and the Class Members*
>66 Split Rock Road
>Syosset, New York 11791
>(516) 634-6340 Phone
>(516) 634-6341 Fax
>ypollack@yalepollacklaw.com